NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0136n.06

No. 18-5615

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Mar 19, 2019 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| BRADLEY C. STARK, | ) | COURT FOR THE EASTERN |
|  | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) |  |
|  | ) |  |

**BEFORE:** CLAY and STRANCH, Circuit Judges; PEARSON, District Judge.[*]

**JANE B. STRANCH, Circuit Judge.** Bradley Stark is a prisoner at the Federal Correctional Institution in Ashland, Kentucky. A jury found him guilty of unauthorized possession of a cell phone in violation of 18 U.S.C. § 1791(a)(2). He argues on appeal that the Government suppressed exculpatory evidence at his trial. He never made that claim in the district court and, regardless, he has failed to show that the Government withheld any exculpatory evidence. We therefore **AFFIRM**.

## I. BACKGROUND

While making his rounds in the A-Wing of the G housing unit at the Federal Correctional Institution in Ashland, Kentucky, Officer Travis Bishop found Stark with a black LG cell phone

---

[*]The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

in his hand. He took the cell phone from Stark and passed it on to a lieutenant, who in turn gave the phone to a special investigative technician. The technician logged the phone into evidence, where it stayed until trial. Lieutenant Christopher Shelton, another member of the investigative staff, was present when the technician received and logged the cell phone.

The Government charged Stark with possession of a prohibited object in violation of 18 U.S.C. § 1791(a)(2). At trial, Stark testified that the device Bishop had recovered from him was an MP3 player, not the cell phone entered into evidence. Two elements of Stark's defense are most relevant here. The first is his claim that two photos produced by the Government during discovery, which purportedly showed the black LG cell phone taken from Stark, were actually photos of two different phones. In his opening statement, Stark's counsel told the jury, "[Y]ou'll hear the witnesses asked about this, there's a picture of two different cell phones, and you'll see those photographs." Stark's counsel later cross-examined Bishop and Shelton about the apparent differences between the phones in the two photos. Both officers admitted that the photos might be of two different phones. Shelton testified that only one of the photos appeared to show the phone entered into evidence, and he speculated that the prison's investigative staff—which logs approximately four cell phones per month at the facility—might have mistakenly downloaded a photo of the wrong phone.

The second defense raised by Stark at trial is that the cell phone's chain-of-custody form originally showed that the phone had been recovered from the A-Wing's R housing unit, not the G housing unit as reported by Bishop. The version of the form produced during discovery listed only the R housing unit; but just before trial, Shelton crossed out the "R," replaced it with a "G," and wrote his initials next to the change. At trial, he admitted to making the change and explained that he had done so after confirming that the incident took place in the G housing unit.

The jury found Stark guilty. On appeal, he claims that the Government violated his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by suppressing exculpatory evidence at his trial. Liberally construed, his brief alleges that the Government withheld evidence showing that (1) the photos presented at his trial were of two different phones, (2) the phone's chain-of-custody form had been altered, and (3) the cell phone at issue belonged to a different inmate.

## II.    ANALYSIS

To raise a *Brady* claim, Stark "must show that (1) evidence favorable to [him] (2) was suppressed by the government and (3) [he] suffered prejudice." *Henness v. Bagley*, 644 F.3d 308, 324 (6th Cir. 2011). Ordinarily, we review the district court's resolution of a *Brady* claim de novo. *United States v. Crayton*, 357 F.3d 560, 568–69 (6th Cir. 2004). But in this case, none of Stark's *Brady* claims were raised in the district court. Where "defense counsel did not make a motion for a mistrial or raise the question of a possible *Brady* violation to the district court, we review at most for plain error." *Id*. at 569.

The district court committed no error, plain or otherwise. Stark's first two *Brady* claims— which concern (1) the two photos presented at trial and (2) the altered chain-of-custody form— suffer from the same problem. A *Brady* violation occurs only when the Government suppresses evidence. *See Henness*, 644 F.3d at 324. Neither the photos nor the altered form was suppressed. In fact, both were key pieces of evidence at trial. Stark's counsel heavily emphasized the differences between the two photos and cross-examined Bishop and Shelton about the alteration in the chain-of-custody form. The jury nevertheless found Stark guilty. On these facts, he cannot show that the evidence was suppressed (because it was repeatedly discussed at trial) or that he suffered prejudice (because the jury found him guilty despite this evidence).

Stark rests his last *Brady* claim on the assertion that the cell phone entered into evidence was actually found inside a different inmate's locker. In support, he simply announces that,

"[b]ased on information and belief," he has "learned" that the cell phone belonged to a different inmate. But he does not explain how he learned this fact, nor does he offer any evidence to suggest that the cell phone was found in a different inmate's locker. His bare assertion "on information and belief" is not enough. *See, e.g., United States v. Lucas*, 841 F.3d 796, 809 (9th Cir. 2016) ("[T]o challenge the government's representation that it does not have *Brady* evidence, [the defendant] must do more than speculate that *Brady* material exists.").

### III.   CONCLUSION

Stark has not shown that the Government failed to disclose exculpatory evidence. We therefore **AFFIRM**.